IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CAT CLAWS, INC.      *
      PLAINTIFF *
          *
V.          *
          *    CASE NO.  4:16cv00733 SWW
          *
BIG LOTS STORES, INC., a Ohio *
corporation d/b/a Big Lots!, and John *
Does 1-10       *
      DEFENDANTS *
          *

## ORDER

Plaintiff Cat Claws, Inc. ("Cat Claws") brings this action against Big Lots Stores, Inc. ("Big Lots"), claiming patent and trademark infringement and unfair competition. Before the Court is Big Lots's motion for partial dismissal [ECF Nos. 7, 8], Cat Claws's response in opposition [ECF No. 13], and Big Lots's reply [ECF No. 21].  After careful consideration, and for reasons that follow, the motion for partial dismissal is granted.

**I**.

Cat Claws designs, manufactures, and sells feline scratching pads in the United States under the trademark "Cat Claws."  The company alleges that since March 2008, Big Lots has sold products made in China that bear the "Cat Claws" trademark and are confusingly similar to Cat Claws's patent-protected scratching pads.

Under Counts I, III, and IV of the amended complaint, Cat Claws charges Big Lots and Does 1-10[1] with patent infringement, trademark infringement, and unfair competition. Under Count II, Cat Claws claims that a single unnamed defendant induced patent infringement.

Big Lots moves for dismissal of Count II, pursuant to Rule 12 of the Federal Rules of Civil Procedure. Although Cat Claws does not specifically identify the alleged inducer in the amended complaint, in opposition to the motion to dismiss, Cat Claws charges that Big Lots induced infringement. Accordingly, it appears that Big Lots is the unnamed defendant sued under Count II and therefore has standing to move for dismissal of the claim. But even assuming that such is not the case, the Court may *sua sponte* dismiss a case or claim for failure to state a claim. *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

## II.

When deciding a motion to dismiss under Rule 12(b)(6), the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007).

---

[1] With respect to Does 1-10, Cat Claws alleges:

> Upon information and belief, Plaintiff has diligently and in good faith attempted to ascertain the identities and whereabouts of possible additional defendants, who are presently unknown to Plaintiff. Despite such efforts, the identities of other defendants whose conduct may have been a legal cause of Plaintiff's complaints and/or damages currently remain unknown to Plaintiff. John Does 1-5 could be corporations, partnerships, limited liability companies, non-profit organizations or individuals.

ECF No. 3, ¶ 3.

The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal,* 556 U .S. 662, 678 (2009).  The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

**III**.

Under Count II, Cat Claws alleges claims that the acts of "one Defendant" directly infringed Cat Claws's patents and that a "second Defendant" took action intending to cause the infringing acts by the "first Defendant."[2]  ECF No. 3, ¶p 40-41.  Cat Claws further alleges that the "first Defendant" was aware of the patents and knew that "the acts" if taken would constitute infringement.

Title 35 U.S.C. § 271(b) provides, "Whoever actively induces infringement of a patent shall be liable as an infringer."  To state a claim for relief under this provision, Cat Claws must allege facts plausibly showing that the alleged infringer specifically intended another to infringe Cat Claws's patent and knew that the other's acts would constitute infringement.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  Here, the amended pleading is void of allegations

---

[2] ECF No. 3, ¶¶ 40-42.

describing any action on the part of the "second Defendant" or alleged infringer that demonstrates an intent to induce infringement. Cat Claws only asserts legal conclusions and fails to give Big Lots or the "second Defendant" fair notice of the grounds on which it brings a its claim. *See Twombly*, 550 U.S. at 545, 127 S. Ct. 1959("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")

The Court finds that Defendant's motion for partial dismissal [ECF No. 7] should be and it is hereby GRANTED. Count II of the complaint is dismissed without prejudice for failure to state a claim.

IT IS SO ORDERED THIS 13TH DAY OF JUNE, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE